UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARSCEL CARROLL,

Plaintiff,

vs.

KENDRA MITCHELL, *et. al.*,

Defendants.

Case No. 3:24-cv-00204-ART-CLB

ORDER

*Pro Se* Plaintiff Marscel Carroll, an inmate in custody of the Nevada Department of Corrections, brings this action under 42 U.S.C. § 1983 against Defendants Kendra Mitchell, Stephanie, Satellite Imagery, and Satellite Comp., asserting various constitutional claims on the basis of allegations that Plaintiff "is being 'cyberstalked and harassed' by his daughter's mother through a satellite that has been following" Plaintiff. (ECF No. 1-1.) Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla Baldwin. (ECF No. 8.) In the R&R, Judge Baldwin recommends the Court dismiss Plaintiff's complaint, (ECF No. 1-1), with prejudice. No objection to the R&R has been filed by either party and the time to do so has passed. After carefully reviewing the relevant documents, the Court is satisfied that Judge Baldwin did not clearly err and adopts the R&R in full.

When neither party objects to an R&R, the Court "need only satisfy itself that there is no clear error on the face of the record" in order to accept it. Fed. R. Civ. P. 72, Advisory Committee Notes (1983); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but only if, one or both parties file objections to the findings and recommendations."). The "clearly erroneous" standard is deferential, requiring a "definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242,

1

(2001) (internal citation omitted). In the instant case, neither party objected to the R&R granting Plaintiff's IFP application, (ECF No. 5), dismissing Plaintiff's complaint, (ECF No. 1-1) with prejudice and denying the motion for counsel, (ECF No. 3). Therefore, the Court reviews the R&R for clear error.

Judge Baldwin recommends that the Court dismiss Plaintiff's complaint with prejudice and deny Plaintiff's motion for appointment of counsel. (*Id.* at 5.) As Judge Baldwin points out, Plaintiff brings this action against Defendants under 42 U.S.C. § 1983 asserting various constitutional claims on the basis of allegations that Plaintiff "is being 'cyberstalked and harassed' by his daughter's mother through a satellite that has been following" Plaintiff. (*Id.* at 3 (citing ECF No. 1-1 at 2–3).) Plaintiff further contends that "he is entitled to $50 million from 'radiowave frequency and damage' from the satellite." (*Id.* (citing ECF No. 1-1 at 6).)

An inmate civil rights complaint is governed by 28 U.S.C. § 1915A(b), which states, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (ii) fails to state a claim upon which relief may be granted." The same standard that applies in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) applies in the context of dismissal for failure to state a claim under § 1915A(b). *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). When dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

In the instant case, Judge Baldwin recommends that the Court dismiss Plaintiff's complaint with prejudice because Plaintiff failed to state a claim upon which relief may be granted. (ECF No. 8 at 3–4.) Judge Baldwin explained that, because the complaint is "vague, rambling, nonsensical, and filled with incomplete sentences," Plaintiff failed to provide sufficient information

identifying the factual or legal basis for his claims. (*Id.*) Given Judge Baldwin's determination that allowing Plaintiff to amend the complaint is futile since the deficiencies in Plaintiff's complaint cannot be cured by any amendment, Judge Baldwin recommends dismissing Plaintiff's complaint with prejudice and denying Plaintiff's motion for appointment of counsel. (*Id.* at 4.)

After carefully reviewing the R&R and the record in the context of the clearly erroneous standard, the Court concludes that Judge Baldwin did not clearly err and adopts the R&R in full.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 8) is accepted and adopted in full.

It is further ordered that Plaintiff's *in forma pauperis* application (ECF No. 5) is denied as moot.

It is further ordered that the Clerk of the Court file Plaintiff's complaint (ECF No. 1-1).

It is further ordered that Plaintiff's complaint (ECF No. 1-1) is dismissed with prejudice.

It is further ordered that Plaintiff's motion for counsel (ECF No. 3) is denied.

It is further ordered that the Clerk of the Court shall enter judgment accordingly and close the case.

Dated this 1st day of July 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE